[No. 12279. *En Banc.* February 13, 1915.]

Los ANGELES BERRY GROWERS' CO-OPERATIVE ASSOCIATION, *Appellant,* v. FRED A. HUNTLEY *et al., Respondents.*[1]

AGRICULTURE—INSPECTION—"HORTICULTURAL PRODUCTS"—INFECTED POTATOES. Potatoes are horticultural products within the contemplation of Rem. & Bal. Code, §§ 3095, 3096, authorizing the district horticultural inspectors of the state to inspect, require disinfection of, or destroy horticultural products packed for shipment, offered for sale, or held for the purpose of delivery upon any shipment or sale, where the same or any part thereof is infected with any disease or pest declared injurious by the state commissioner of horticulture.

CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER—DUE PROCESS OF LAW. The horticultural inspection law, authorizing the state commissioner of horticulture to declare what pests are injurious to horticultural products, and to destroy infected products after notice, is not invalid as violating either the constitutional guaranty of due process of law, or the inhibition against the delegation of legislative power.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 23, 1914, upon findings in favor of the defendants, dismissing an action of trespass, tried to the court. Affirmed.

[1]Reported in 146 Pac. 373.

*James Kiefer*, for appellant.

*The Attorney General* and *John M. Wilson, Assistant*, for respondents.

PARKER, J.—The plaintiff seeks recovery of damages against the defendant for the loss of a quantity of potatoes which he, as state commissioner of horticulture, caused to be destroyed at Seattle, because of their infection with tuber moth. Trial in the superior court resulted in findings and judgment in favor of the defendant, from which the plaintiff has appealed.

It is conceded by counsel for appellant that the findings are sufficient as to the condition of the potatoes and the nature of the infection to sustain the judgment of the superior court, if there is any valid law applicable to the facts justifying the action of Huntley, as state commissioner of horticulture, in causing their destruction.

The contentions of counsel for appellant are, in substance, that the horticulture law of 1909 does not by its terms authorize the commissioner of horticulture, nor the district horticultural inspectors, to destroy potatoes because of their infection with disease; and, also, that the law of 1909 is unconstitutional in that it violates the "due process of law" guaranty of the state and Federal constitutions.

The powers of the district horticultural inspectors to cause the destruction of horticultural products because of their infection with disease such as menace the horticultural interests of the state are defined by the law of 1909, referring to the sections thereof found in Rem. & Bal. Code, as follows:

"§ 3095. Said district horticultural inspectors shall also have the power, within their respective districts and at any time, to enter upon any premises where fruit or horticultural products are stored, or are being prepared or packed for shipment, or offered for sale, or are held for the purpose of delivery upon any shipment or sale thereof, for the purpose of

inspecting said premises and such fruit or products to ascertain whether the same, or any part thereof, is infected with any of the diseases or pests declared injurious by the state commissioner of horticulture.

"§ 3096.   If, after inspection, as provided in the two preceding sections, the district horticultural inspector shall ascertain that any nursery stock, fruit trees, shade trees, ornamental shrubbery or horticultural plants, or any fruit or horticultural products, or any place where such fruit or horticultural products is kept for sale or is being prepared for shipment or is stored is infected with any diseases or pests declared by the state commissioner of horticulture to be injurious to the horticultural industries of the state, said district horticultural inspector shall notify the owner or person having possession or charge of such nursery stock, fruit trees, shade trees, ornamental shrubbery, horticultural plants, fruit, horticultural products or places of storage, sale or preparation for market, in writing, requiring the disinfection of any or all thereof which is capable of disinfection, and the destruction of such as is incapable of proper disinfection, subject to the provisions hereof relative to the sale, disposition and use of infected fruit, and shall fix the time in said notice within which the same shall be so disinfected, or destroyed, as the case may be, and such owner or person having the same in charge shall proceed to disinfect or destroy such stock, trees or products, as the case may be, in the manner required by law and in the manner prescribed by the state commissioner of horticulture, and within the time specified in said notice."

The destruction of the potatoes was caused by direction of the state commissioner of horticulture, upon appeal from the decision to that effect rendered in the first instance by the district horticultural inspector for King county, which accounts for the state commissioner of horticulture being made defendant in this cause. We are of the opinion that the words "horticultural products" as used in these sections include potatoes, from which we think it necessarily follows, from the language of the sections, that the power here exercised by the commissioner was within the terms of the law.

The constitutionality of this law was considered by us in the late case of *Carstens v. DeSellem*, 82 Wash. 643, 144 Pac. 934, where substantially the same arguments were made against its validity as are made in this case. We deem it unnecessary to say more than that we adhere to the conclusions reached, and reasons assigned therefor, in that decision. The still more recent case of *Cawsey v. Brickey*, 82 Wash. 653, 144 Pac. 938, lends support to our conclusions. We again conclude that the law is constitutional, and that the judgment must be affirmed. It is so ordered.

All concur.